Robert B. **RAGLAND**, Plaintiff-Appellant,

v.

Edward A. **MUELLER**, as Secretary of the State of Florida Department of Transportation, et al., Defendants-Appellees.

No. 71–2430.

United States Court of Appeals, Fifth Circuit.

May 31, 1972.

---

* Honorable W. D. Murray, Senior Judge, United States District Court, Butte, Montana, sitting by designation.

William H. Maness, Jacksonville, Fla., for plaintiff-appellant.

John L. Briggs, U. S. Atty., John D. Roberts, Asst. U. S. Atty., Jacksonville, Fla., Howard Hadley, Gen. Counsel, State of Florida, Dept. of Transp., Tallahassee, Fla., Edmund B. Clark, Dept. of Justice, Washington, D. C., Geoffrey B. Dobson, Tallahassee, Fla., Dirk D. Snel, Robert S. Lynch, Kent Frizzell, Asst. Attys. Gen., Washington, D. C., for defendants-appellees.

Before TUTTLE, GEWIN and THORNBERRY, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal from a dismissal of an action, seeking to enjoin Secretary of Transportation Volpe, Secretary of the State of Florida Department of Transportation, Edward A. Mueller and Federal Highway Administrator, Francis C. Turner, from proceeding with their plans to continue construction of I–295. This particular route the defendants have chosen goes directly through appellant's 50 acre wildlife refuge (Grandma's Farm) in Duval County, Florida.

Secretary Volpe and FHA Turner moved to dismiss "for failure to state a cause of action and for lack of jurisdiction over the subject matter." Secretary Mueller moved to dismiss on three grounds: (1) sovereign immunity, (2) standing, and (3) "failure to state a claim upon which relief can be granted." After an evidentiary hearing, the motion was granted, but no grounds were stated. The court merely stated, as to each defendant "the motion to dismiss the complaint . . . is Granted."

■ So far as concerns "sovereign immunity" as a defense to a suit to enjoin state or federal officials from failing to comply with the laws spelling out their legal authority, the raising of such a defense in this action borders on the frivolous. See K. C. Davis, Administrative Law Treatise, Vol. 3, 27.03.

Regarding the defense of standing, appellees argue that because appellant Ragland raised the issues now being litigated in Federal Court in the state condemnation proceeding, he does not have standing to contest personally these same claims in Federal Court. Such an argument clearly confuses the defense of standing with that of collateral estoppel. Regarding the latter, we note that on the basis of the record before us, it simply is unclear whether all the procedural issues raised in the Federal portion of this litigation were also raised in state court. Specifically, it is unclear whether appellant's claim that the National Environment Act of 1969 ought to be applied retroactively was ever raised and decided in the state court proceedings. The state court opinion dealing with these matters, which is a part of this record, specifically refers only to "petitioner's contention that he was not given notice of the 'design public hearing'" as required by 23 U.S.C. § 128, and Policy and Procedure Memorandum 20–8.

■ This being the case, we are left with the issue of whether Appellant's allegation that § 102(2) (C) of the National Environment Act of 1969 was not complied with states a claim upon which

relief might be granted. While this court and others have held that in certain situations, the National Environment Act of 1969 may be applied retroactively, See Named Individual Members of San Antonio Conservation Society v. Texas Highway Department, 446 F.2d 1013 (5th Cir. 1971); Arlington Coalition on Transportation et al. v. Volpe et al., 458 F.2d 1323 decided April 4 1972, 4th Cir., this is clearly not such a case. Analysis of the facts reveals that when NEPA became effective January 1, 1970, sixteen of the twenty miles of the disputed highway had already been fully *completed* and the right of way for the remaining four miles had been acquired. It is simply unreasonable to assume that Congress intended that at this point in time, construction should halt, an environmental impact study should be made, and the highway possibly be rerouted. Finding no authority in this or any other circuit contrary to this view we therefore affirm the judgment of the trial court granting appellee's motion to dismiss.

Judgment affirmed.